Whitman *v.* Freese.

Newton M. Whitman *versus* Andrew Freese & *al.*

To avoid a note, given for a quantity of boards within the County of Penobscot, because the contract was in contravention of the provisions of the act regulating the survey of lumber within that county, the defendant must not only show, that the boards were sold within the county without survey, but also that they were not purchased for the defendants' "own use, or for home consumption," and that the parties did not agree to have the lumber "shipped without survey."

Where a witness, in testifying to an admission, has stated the words used, it is not competent for the party calling him, to ask the witness, what he supposed was intended by those words.

Assumpsit upon a note dated April 26, 1839, for $283,00, given by the defendants to F. & I. S. Whitman, and indorsed to the plaintiff. The suit was for the benefit of the payees. The defendants, with the general issue, filed a brief statement, wherein they allege, that the consideration of the note was a quantity of boards, bought by the defendants to be shipped beyond the limits of the county of Penobscot, wherein the sale was made; that the sale was made by Wadleigh, the agent of F. & I. S. Whitman, for that purpose; and that the boards were never surveyed according to the requirements of the law regulating the survey of lumber in the county of Penobscot. The whole of the testimony in defence is stated in the opinion of the Court.

The defendants contended, at the trial before Tenney J., that the consideration of the note was illegal, as the boards had not been surveyed according to law. Upon the evidence, the Judge ruled, that the consideration was not illegal, and that the plaintiff was entitled to recover. The defendants then consented to be defaulted, the default to be taken off, if in the opinion of the Court, the action could not be maintained.

*M'Crillis,* for the defendants, said that it appeared, that the consideration of the note in suit was a quantity of boards, sold within the county of Penobscot, in violation of the provisions of the statute regulating the survey of lumber in this county. Persons may avoid their illegal contracts. If they are in contravention of the provisions of a statute of the State, contracts

Whitman *v.* Freese.

are illegal, and may be avoided, although there may be no penalty provided for the violation of it. An action cannot be maintained on a contract prohibited by law. *White* v. *Franklin Bank,* 22 Pick. 184; *Wheeler* v. *Russell,* 17 Mass. R. 258; 4 N. H. R. 285; 8 N. H. R. 257.

The effect of the avoidance of this contract, is not to enable one party to hold the property, and refuse to pay for it. The real plaintiffs may recover the value of the boards in trover. 22 Pick. 184; 8 T. R. 557.

If the plaintiff would bring himself within the exceptions in the statute, the burthen of proof is on him to show it. It does appear however that the lumber was purchased for shipping, which negatives the supposition, that it was for his own use.

*Kent,* for the plaintiff, said, that this was a case where the defendants claim the right to retain the boards, and refuse to pay for them, and of course is highly penal. The defendants should be held to the rules regulating penal actions. They should be required therefore to bring themselves within the exceptions in the statute, if they would avail themselves of such exceptions. 2 Pick. 141; 14 Pick. 461.

The facts of the case do not show, that this was a contract within the statute. There is no necessity for the survey, where the boards are for the purchaser's own use, or for home consumption. Home here means within the State, and not merely within the county, as supposed by the brief statement. But for any thing appearing in the case, the parties might have agreed to the shipping of the boards without a survey. The statute does not forbid this. 14 Maine R. 402.

It is clearly improper to inquire of a witness what the party intended by certain words made use of by him. 1 Phil. Ev. 227.

The opinion of the Court was by

SHEPLEY J. — This is a suit upon a promissory note made by the defendants payable to F. & I. S. Whitman, or order, and by them indorsed to the plaintiff, who prosecutes the suit

for their benefit. It was received in part payment for boards sold without survey, by estimation, by their agent, Wadleigh, to the defendants, who contend, that the sale was made in violation of the provisions of an act approved on March 9, 1834, regulating the survey of lumber in the county of Penobscot. The burden of proof is upon them to establish that fact, if they would thereby avoid their contract. The only testimony introduced by them in proof of it came from the witness, Brown, who testified, that at the time of the sale Chadwick, one of the defendants, " said in the presence of Wadleigh, that he wanted the boards for the purpose of shipping them over the shoals ; and the agreement was, that said Chadwick was to take them by estimation of the quantity ; and that Wadleigh was to run them to Bangor at one dollar per thousand ; that Wadleigh said, the boards had never been surveyed ; that they called upon him to assist in estimating the quantity ; and they estimated the quantity at two hundred thousand."

The clause in the fourth section of the act declares, " and it shall not be lawful for any person or persons to sell or purchase any of said sorts of lumber within said county, unless the same shall be surveyed and marked as aforesaid by the surveyor general, or by one of his deputies, except such as may be purchased by any person or persons for his or their own use, or for home consumption." The sixth section imposes a penalty upon any person, who shall sell or purchase any such lumber, not surveyed and marked, as the act requires ; and upon any person not being the surveyor general, or one of his deputies, who shall take an account of or survey any such lumber, " but said forfeiture shall not extend to such lumber as the parties may agree to have shipped without survey ; provided the same be actually shipped in pursuance of said agreement." The inquiry put to the witness, " what place he supposed, the defendant, Chadwick, meant by the shoals," was properly suppressed. The object might perhaps have been legally attained by a different mode of examination. But if the place alluded to be without the limits of this State,

and the phrase, home consumption, be construed to have refer-
ence to the use of them within the State ; the testimony does
not prove, that the sale was made in violation of the pro-
visions of the act, for it does not prove, that the boards were
not purchased by the defendants for their own use. And
such a purchase would be lawful without a survey. The tes-
timony would authorize the conclusion also, that the parties
agreed to have the lumber shipped ; for the contract appears
to have been completed. And in such case there would be no
forfeiture by the provisions of the statute.

                                    *Judgment on the default.*